IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ERNEST KANEVSKIY** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Case No. 1:21-cv-491-RP |
| § | |
| **GOOGLE LLC, d/b/a YouTube** § | |
| § | |
| Defendant. § | |
| § | |
| § | |

## DEFENDANT'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(A)

Defendant Google LLC ("Google") moves under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Northern District of California, in accordance with the parties' binding, exclusive forum selection clause. In support thereof, Google respectfully shows as follows:

## INTRODUCTION

All of Plaintiff's claims arise out of the same operative act—Google's decision to terminate his YouTube channel on February 3, 2021. YouTube's Terms of Service (the "TOS") contain a forum selection clause mandating that those claims proceed "exclusively in the federal or state courts of Santa Clara County, California."[1] Courts around the country and in the Fifth Circuit have consistently enforced this clause in disputes involving Google's YouTube platform.[2]

Google asks that this Court now do the same. The Supreme Court directs that a "forum-selection clause [should] be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (quotations omitted). Here, Plaintiff necessarily concedes that the TOS are an enforceable contract and no "exceptional circumstances" justify departure from the presumptive validity and enforceability of the parties' agreed forum. This case should accordingly be transferred to the United States District Court for the Northern District of California.

## BACKGROUND FACTS

**I.     Plaintiff acknowledges the YouTube Terms of Service are an enforceable contract.**

YouTube "is an internet platform" maintained and operated by Google that allows users to view and share videos online (the "Service"). Original Petition ¶¶ 4, 7 ECF No. 4-1 (hereinafter the "Complaint"). While all users must agree to the TOS to use the Service, *see id.* at ¶¶ 10–11, 18, Plaintiff specifically acknowledges that "[t]o create a channel and post videos," he personally agreed to "be bound by YouTube's published [TOS] and their incorporated Community

---

[1] *Terms of Service*, YOUTUBE (Nov. 18, 2020), https://www.youtube.com/t/terms?archive=20201118 (true and correct copy filed as **Exhibit 1-A**).
[2] *See Muhammad v. YouTube, LLC*, No. 18-836-SDD-EWD, 2019 WL 2338503, at *4 (M.D. La. June 3, 2019); *see also* Order at 1, *Stein v. Google, LLC*, No. 20-cv-528 (S.D.N.Y. Apr. 30, 2020), ECF No. 21; *Lewis v. Google, Inc.*, No. 19-cv-2387-WJM-KLM, 2019 WL 10749715, at *3 (D. Colo. Dec. 31, 2019); *Biltz v. Google, Inc.*, No. 18-00059 DKW, 2018 WL 3340567, at *8 (D. Haw. July 6, 2018); *Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 65 (D.D.C. 2014).

**DEFENDANT'S MOTION TO TRANSFER**                                                                                        Page 1

Guidelines." *Id.* at ¶ 33; *see also* Ex. 1-A at 3.  Plaintiff alleges that Google terminated his channel and removed his content on February 3, 2021.  Compl. ¶ 6.  Accordingly, the TOS in effect from November 18, 2020 to March 17, 2021 is the applicable version of the "valid contract" alleged in the Complaint.  *Id.* at ¶ 37, Ex. 1-A at 15.[3]

## II. The TOS contains a mandatory forum selection clause covering all claims "arising out of or relating to [the TOS] or the Service."

The penultimate paragraph of the TOS specifies that California law will govern "[a]ll claims arising out of or relating to" the Service, and designates the state or federal courts located in Santa Clara County, California as the exclusive forum for litigation of such claims:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

Ex. 1-A at 15 (hereinafter the "YouTube FSC").  Santa Clara County, California lies within the Northern District of California, San Jose Division.  *See* 28 U.S.C. § 84(a); N.D. Cal. Civ. L.R. 3-2(e).

## III. Plaintiff's claims arise out of and relate to Google's termination of his ability to use the Service.

As alleged in the Complaint, "Plaintiff . . . created a YouTube channel called 'Kanevskiy Fitness' on February 20, 2012, **when he entered into the TOS contract with YouTube**."  Compl. ¶ 6 (emphasis added).  "On February 3, 2021, [Google] notified Plaintiff . . . that his channel had been removed from YouTube 'due to repeated or severe violations of our Community Guidelines.'" *Id.* at ¶ 7.

---

[3] As provided in the prior version of the TOS, Google can modify the TOS at any time, and users who continue their use agree to be bound by such modifications.  *See Terms of Service*, YOUTUBE (Dec. 10, 2019), https://www.youtube.com/t/terms?archive=20191210.

**DEFENDANT'S MOTION TO TRANSFER**                                                                                             Page 2

Based on that removal, Plaintiff asserts claims for breach of the TOS, *id.* at ¶¶ 29–30, 36–41, violation of the Texas Deceptive Trade Practices Act, *id.* at ¶¶ 42–45, and tortious interference with prospective economic relations and third party contract. *Id.* at ¶¶ 46–56. As relief, Plaintiff requests an injunction requiring Google "to restore Plaintiff's YouTube channel and videos to the state they were in on February 2nd, 2021," and damages approximating Plaintiff's alleged monthly earnings through the Service. *Id.* at 15.

Though his claims unequivocally arise out of and relate to both the TOS and the Service, and therefore must "be litigated exclusively in the federal or state courts of Santa Clara County, California," Ex. 1-A at 15, Plaintiff filed his Complaint on May 10, 2021 in Travis County, Texas District Court. *See* Compl. at 1. Google removed the case to this Court on June 4, 2021. *See* Notice of Removal, ECF No. 1. Google has had no response from Plaintiff to any communications sent regarding this case.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

*Id.* "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62. This entails weighing the factors and deciding "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 63 (quoting 28 U.S.C. § 1404(a)).

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight."

*Id.* Instead, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, "the parties' private interests" merit no consideration. *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient." *Id.* Third, a transfer of venue pursuant to a forum-selection clause "will not carry with it the original venue's choice of law rules," and that issue will therefore not "affect public-interest considerations." *Id.* Taken together, "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain" and enforcing a valid forum-selection clause. *Id.* at 66.

## ARGUMENT

The Court should transfer this case to the Northern District of California because the YouTube FSC is a valid, enforceable forum selection clause, and no recognized exception justifies departure from it.

**I.     The YouTube FSC is a valid, enforceable forum-selection clause that mandates Plaintiff's claims be litigated in California.**

Clauses containing "express language of exclusivity of jurisdiction, specifying a mandatory location for litigation," are considered "mandatory forum-selection clauses." *Skyward Energy, Ltd. v. Clipper Windpower Dev., LLC*, No. 18-CV-235-DC, 2020 WL 9421045, at *5 (W.D. Tex. Mar. 30, 2020) (quotations omitted). The YouTube FSC readily meets that definition, dictating that Plaintiff's claims must "be litigated exclusively" in the state or federal courts of Santa Clara County, California. *See* Ex. 1-A at 15.

The Fifth Circuit "appl[ies] a 'strong presumption' in favor of enforcing mandatory forum-selection clauses." *Al Copeland Inv., L.L.C. v. F. Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir.

2018) (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016)).[4] "This presumption may be overcome by a clear showing that a forum selection clause is 'unreasonable'" for one of the following reasons:

> (1) [T]he incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state.

*Id.* (quotations omitted).

Plaintiff has not pled and cannot demonstrate any of those circumstances here, let alone "by a clear showing." *See id.*

### A. The FSC is not a product of fraud or overreach.

"To establish the invalidity of a forum selection clause based on fraud or overreaching, [claimants] must 'show that the *inclusion of that clause in the contract* was the product of fraud or coercion." *Biltz*, 2018 WL 3340567, at *5 (emphasis in original). Like the claimant in *Biltz*, Plaintiff "does not even allege this kind of fraud" with respect to the YouTube FSC. *See id.* To the contrary, the Complaint reveals an appreciation for the contractual arrangement established by the TOS by affirming that "[t]o create a channel and post videos," Plaintiff agreed to "be bound by YouTube's published [TOS] and their incorporated Community Guidelines." *Id.* at ¶ 33; *see also Muhammad*, 2019 WL 2338503, at *2 (noting the presence of "a statement reminding users

---

[4] *See also In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (under Texas law "[f]orum-selection clauses are generally enforceable and presumptively valid"); *Schlessinger v. Holland Am., N.V.*, 120 Cal. App. 4th 552, 558 (Cal. App. 2004) ("Both California and federal law presume a contractual forum selection clause is valid and place the burden on the party seeking to overturn the forum selection clause").

that by submitting your videos to YouTube, you acknowledge that you agree to YouTube's Terms of Service and Community Guidelines").

"Overreaching, which encompasses conduct short of fraud, involves 'undue influence or 'overweening bargaining power.'" *Biltz*, 2018 WL 3340567, at *5 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13 (1972)).  But mere "unequal bargaining power between the parties, without more, will not invalidate a forum selection clause." *Id.*  That is—the simple fact that users must agree to the TOS to use YouTube does not establish overreaching.  *Id.*

In short, nothing does or could suggest fraud or overreach regarding the YouTube FSC, which is written in straightforward English in a short, standalone paragraph at the end of the TOS.  *See* Ex. 1-A at 15.  The Eastern District of Texas enforced a similar forum selection clause in connection with Google's AdSense service in *SMS Telecom LLC v. Google, Inc.*, No. 6:12-cv-987, 2014 WL 12606655 (E.D. Tex. Feb. 13, 2014).  The court noted "[t]he clause was in the same font type and size as the rest of the T&C, and easily understandable." *Id.* at *4.  "Further," the court expected that "Google would prefer the courts of Santa Monica County, California, its home county, as the forum for litigation."  *Id.*

Courts also recognize that "[t]he provisions and protections in the Terms of Service make it possible for YouTube to provide video hosting services for free to hundreds of millions of users around the world.'" *Song fi, Inc.*, 72 F. Supp. 3d at 64 (internal quotations omitted).  Far from any fraudulent or coercive purpose, Google included the YouTube FSC in the TOS "to manage the costs of litigation and reduce the burden to YouTube personnel of litigating all over the world." *Id.*; Ex. 1 ¶ 2.  "Having taken advantage of YouTube's free services" to earn a substantial sum of money, Plaintiff "cannot complain that the terms allowing [him] to do so are unenforceable."  *Id.*

**B.     Litigating in California will not deprive Plaintiff of his day in Court.**

Enforcing the YouTube FSC will not deprive Plaintiff of his day in Court.  As the court recognized in *Muhammad v. YouTube*, Plaintiff will simply "have his day in court in California." 2019 WL 2338503, at *3.  Additional expenses in time or travel costs do not indicate otherwise. "Such difficulties, even if accurate, are insufficient to circumvent an otherwise valid and enforceable forum selection clause." *Russell v. BSN Med., Inc.*, No. SA-09-CA-314-FB, 2009 WL 10669157, at *5 (W.D. Tex. July 10, 2009); *see also Roof Toppers of El Paso, Inc. v. Weatherproofing Techs., Inc.*, 949 F. Supp. 2d 669, 675 (W.D. Tex. 2012) (rejecting the plaintiff's argument "that it cannot afford to litigate in Ohio, and therefore transfer would deprive it of its day in court").  In fact, the "very suggestion" that it "would be inconvenient to litigate in California for personal financial reasons . . . is one that *Atlantic Marine* instructs courts not to consider when a forum selection clause governs." *Biltz*, 2018 WL 3340567, at *6.

  **C.**  **No unfairness or public policy violation would result.**

The final two factors assess whether "the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy;" or "enforcement of the clause would contravene a strong public policy of the forum state."  The answer is "no" on both counts.

To the first point, California and Texas law are materially similar with respect to Plaintiff's claims for breach of contract and tortious interference.  *See Eisenstadt v. Telephone Elecs. Corp.*, No. 3:06-CV-1196, 2008 WL 4386993, at *6 (N.D. Tex. Sept. 26, 2008) (noting "the basic elements of Plaintiffs' tortious interference claims are the same under . . . California, and Texas law"); *Paramount Pictures Corp. v. Johnson Broad. Inc.*, CIV.A.H 04 03488, 2006 WL 367874, at *5 (S.D. Tex. Feb. 15, 2006) (noting "the law governing breach of contract claims is the same for both states").  Indeed, Texas law does not even recognize a cause of action for breach of the implied covenant of good faith and fair dealing—"a novel theory of law enunciated only by California courts." *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).

**DEFENDANT'S MOTION TO TRANSFER**                    **Page 7**

Regarding Plaintiff's claims for unjust enrichment and violations of the Texas DTPA, "[w]hile Plaintiff may not have recourse to these exact claims, California provides sufficient remedies" and "transfer will not deprive [plaintiff] of any substantive rights." *SMS Telecom*, 2014 WL 12606655, at *4 (citing Cal. Civ. Code § 1750–84).

To the second point, "Texas embraces a strong public policy in favor of enforcing forum selection clauses, like the Fifth Circuit." *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2018 WL 3326841, at *5 (W.D. Tex. Apr. 30, 2018); *see also In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 680 (Tex. 2009) ("we have held that policy considerations weigh in favor of enforcing valid forum-selection clauses . . ."). Enforcing the YouTube FSC would therefore further, not contravene, Texas policy. *See id.*

## II.     The Section 1404(a) public interest factors favor transfer to California.

Because the YouTube FSC is valid and enforceable, the circumscribed analysis set forth in *Atlantic Marine* applies, and the forum selection clause should be "given controlling weight in all but the most exceptional cases." 571 U.S. at 63. Plaintiff must therefore demonstrate that public interest factors weigh so heavily in favor of Texas as to render his case "exceptional." *See id.* The public interest factors considered include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Biltz*, 2018 WL 3340567, at *7 (quoting *Atl. Marine*, 571 U.S. at 62 n.6). Far from weighing exceptionally in favor of Texas, these factors favor transfer to California.

Regarding the first factor, as recently recognized by this Court and the Northern District of California, "the relative court congestion in the Northern District of California and the Western District of Texas is neutral with respect to transfer." *Joubert v. Lienhard*, No. 19-CV-02651-LHK,

**DEFENDANT'S MOTION TO TRANSFER**                                                                    **Page 8**

2020 WL 1233938, at *7 (N.D. Cal. Mar. 13, 2020); *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *5 (W.D. Tex. May 21, 2021).

Regarding the second factor, both California (home to Google) and Texas (home to Plaintiff) have some interest in deciding the controversy, but neither is overriding. *See Joubert*, 2020 WL 1233938, at *7. This factor is therefore neutral as well.

The third factor—having trial of a diversity case in a forum at home with governing law—weighs in favor of transfer. This is a diversity case, *see* Notice of Removal, ECF No. 1, and the YouTube FSC specifies that "[a]ll claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules." Ex. 1-A at 15. "[A]ctions against YouTube or Google are routinely transferred to the Northern District of California," whose "home" law in diversity cases is California law. *Muhammad*, 2019 WL 2338503, at *3.

## CONCLUSION

For the reasons set forth above, Google asks the Court to transfer this case to the United States District Court for the Northern District of California, as mandated by the Parties' valid forum selection clause.

Dated: June 25, 2021

          Respectfully submitted,

By: */s/ Matt Dow*
Matt Dow
State Bar No. 06066500
mdow@jw.com

JACKSON WALKER LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2230– Telephone
(512) 236-2113 – Facsimile

-and-

Shannon Zmud Teicher
State Bar No. 24047169
steicher@jw.com
Eric D. Wong
State Bar No. 24102659
ewong@jw.com

JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6116 – Telephone
(214) 661-6816 – Facsimile

ATTORNEYS FOR DEFENDANT
GOOGLE LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2021, a true and correct copy of this Motion to Transfer has been served upon Plaintiff Ernest Kanevskiy, who is the only other party, is a non-CM/ECF participant, and is appearing *pro se*, via certified mail, return receipt requested, to Plaintiff's last known address: 14812 Avery Ranch Blvd., Apt. 19, Austin, Texas 78717, as allowed by Federal Rule of Civil Procedure 5(b)(2)(C).

/s/ *Shannon Zmud Teicher*
Shannon Zmud Teicher